Filed 12/9/24  P. v. Keys CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335263 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA054558) |
| v. | |
| MIKE KEYS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Andrea C. Thompson, Judge.  Affirmed in part, reversed in part and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2007, defendant and appellant Mike Keys was convicted by jury of two counts of assault on a peace officer (Pen. Code, § 245, subd. (d)(2); counts 3 & 4), and one count each of evading an officer (Veh. Code, § 2800.2, subd. (a); count 5), carrying a loaded firearm (Pen. Code, § 12301, subd. (a)(1); count 6) and resisting an officer (Pen. Code, § 148, subd. (a)(1); count 7). The jury also found true that defendant had personally used a firearm (Pen. Code, § 12022.53) and had suffered two prior convictions for serious or violent felonies within the meaning of the "Three Strikes" law (Pen. Code, § 667, § 1170.12). Defendant was acquitted of two counts of attempted murder of a peace officer (counts 1 & 2).

At the original sentencing hearing, defendant was sentenced to 75 years to life, plus 11 years, calculated as follows: consecutive terms of 25 years to life on each of counts 3 (the base count), 4 and 5, plus a consecutive 10-year term for the firearm enhancement and a consecutive 1-year prison prior. The court imposed 180-day terms on each of counts 6 and 7 and ran those terms concurrently with the base count. The court imposed various fines and fees and awarded defendant 373 days of presentence custody credits (324 actual, 49 conduct).

In 2009, this court ordered the superior court to correct a typographical error in the abstract of judgment and otherwise affirmed defendant's conviction in its entirety. (*People v. Keys* (May 20, 2009, B204653) [nonpub. opn.].)

In 2023, defendant filed in propria persona a petition requesting resentencing pursuant to Penal Code section 1172.75 (former § 1171.1).

The trial court appointed counsel for defendant and set a hearing date, and the parties filed briefing. The People

submitted a brief stating no objection to a reduction in defendant's sentence to a total term of 50 years to life.

The resentencing hearing was held October 16, 2023. The court recalled defendant's sentence. The court struck defendant's one-year prison prior as invalid in light of the amendments to Penal Code section 667.5. The court sentenced defendant to an aggregate sentence of 50 years to life, plus 10 years, calculated as follows: 25 years to life on each of counts 3 and 4, run consecutively, plus a consecutive 10-year term for the firearm enhancement. The court imposed and stayed sentences on counts 5, 6 and 7. The court waived fines and fees based on a finding of defendant's inability to pay.

On the issue of custody credits, the court noted that "time credits will be an issue." In briefing, defendant acknowledged his arrest date of January 9, 2007, and that he had remained in custody since then. He requested 6,097 actual days of custody credits. When asked at the hearing, defense counsel said he believed 5,848 actual days of custody credits had accrued. There was some discussion of whether the Department of Corrections and Rehabilitation would recalculate total credits and whether conduct credits were awarded at all. The court ultimately imposed 5,848 actual days of custody credits, not crediting defendant with the 49 days of presentence conduct credits awarded at his original sentencing hearing. No further discussion of the credit issue is contained in the record.

Defendant appeals from the trial court's resentencing order of October 16, 2023, contending the court failed to correctly calculate custody credits and that he is entitled to 6,131 days of custody credits. The People concede defendant's argument that

remand to the trial court is appropriate for the recalculation of custody credits, but contend he is entitled to 6,125 actual days.

The superior court was required to recalculate defendant's custody credits in accordance with *People v. Buckhalter* (2001) 26 Cal.4th 20.  *Buckhalter* instructs that where, as here, "a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*Id.* at p. 29.)

We vacate the order in part and remand for the limited purpose of having the superior court recalculate the correct number of custody credits to which defendant is entitled pursuant to *People v. Buckhalter*, *supra,* 26 Cal.4th 20.  We otherwise affirm.

## DISPOSITION

The order is vacated to the extent the superior court failed to correctly calculate custody credits.  The case is remanded to the superior court for a recalculation of custody credits in accordance with *People v. Buckhalter*, *supra,* 26 Cal.4th 20.  After recalculating custody credits, the superior court is directed to prepare a new abstract of judgment and transmit it to the Department of Corrections and Rehabilitation.

The order is affirmed in all other respects.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.        WILEY, J.

4